UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHAEL ADAMS** ) | **CASE NO: 3:10-CV-1609-VLB** |
|     **Plaintiff** ) | |
| **V.** ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| **ENFIELD NISSAN, INC. d/b/a** ) | |
| **LIA NISSAN OF ENFIELD** ) | |
|     **Defendant** ) | |
| ) | **FEBRUARY 25, 2011** |

## AMENDED COMPLAINT

### I. INTRODUCTION

This is an action brought by plaintiff Michael Adams to recover actual, statutory and punitive damages, reasonable attorneys' fees, and costs from defendant Enfield Nissan, Inc. d/b/a Lia Nissan of Enfield ("Lia Nissan"), for engaging in a "yo-yo" sale of a car, also known as a spot delivery. The illegal, unfair and deceptive actions engaged in consisted of first representing to the plaintiff that he had been approved for financing on the purchase of a car, then offering financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, preparing for Plaintiff's signature a retail installment contract to purchase the car without providing Plaintiff with the proper disclosures pursuant to that contract at the time Plaintiff became committed to the transaction; then, upon plaintiff's acceptance of this offer, obtaining a down payment of $2,000 and a Trade-in from Plaintiff, then delivering possession of the car to the plaintiff, and thereafter illegally terminating the credit Lia Nissan had extended under the contract and repossessing the plaintiff's car.

**The defendant also failed to give Plaintiff an adverse action letter when it terminated the credit which it had previously given and failed to provide Plaintiff with any notices regarding the repossession of the Vehicle.**

**These acts violated the Equal Credit Opportunity Act, 15 U.S.C. §1691 and the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*; they violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Statutes § 42-110a *et seq.*; they violated Connecticut's Uniform Commercial Code, Article 9, Conn. Gen. Stat. § 42a-9-609 *et seq.*; they violated Connecticut's Retail Installment Sales Financing Act, Conn. Gen. Stat. §§ 36a-785(b) and 36a-785(c), and constituted negligent misrepresentation, fraudulent misrepresentation, civil theft, conversion, and breach of contract.**

## II. PARTIES

**1.     Plaintiff, Michael Adams, is a natural person residing in Stafford Springs, Connecticut.**

**2.     Defendant, Lia Nissan, is a Connecticut corporation with a principle place of business at 20 Palomba Drive, Enfield, Connecticut 06082.**

**3.     Lia Nissan is a car dealership, and it regularly extends credit to individuals by entering into retail installment sales contracts with consumers.**

**4.     Lia Nissan regularly participates in credit decisions by determining whether to submit credit applications to prospective assignees, by deciding which prospective assignees to submit credit applications to (thereby indirectly determining terms of credit such as whether vendors single interest is to be required), and by determining the interest rates that consumers are charged by**

marking up the interest rates preapproved by assignees and sharing in the increased finance charge.  Lia Nissan also regularly enters into credit sales with consumers that have not been preapproved by prospective assignees, and in those cases, it establishes the terms of credit and directly extends credit to consumers.

### III. JURISDICTION

5.     Jurisdiction of this court arises under 15 U.S.C. § 1691e(f), 15 U.S.C. § 1640(e), 28 U.S.C. §1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

6.     Venue in this court is proper, because the plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS

7.     On or around the first week of June 2010, Plaintiff visited Lia Nissan to shop for a car.  Plaintiff expressed interest in a 2004 Dodge Ram (the "Vehicle").

8.     Plaintiff met with Lia Nissan finance manager, Timothy Dickinson, and a Lia Nissan general manager named Nate, and Plaintiff filled out and submitted to Lia Nissan a credit application.

9.     Plaintiff negotiated with Lia Nissan the terms of the financing of the Vehicle such as the amount of the down payment and the amount of the monthly payments he could afford, and Lia Nissan assured Plaintiff that he would be able to obtain financing to purchase the Vehicle.

10. A few days later, relying on Lia Nissan's representations, Plaintiff provided Lia Nissan with a $2,000 down payment on the Vehicle.

11. Plaintiff also traded in his 2007 Chevrolet Silverado, for which Lia Nissan agreed to give Plaintiff a $17,000 allowance towards the purchase of the Vehicle.

12. Lia Nissan told Plaintiff that he could not finance the Vehicle unless he purchased GAP insurance.

13. On or around June 30, 2010, the defendant, through its employees, had a Retail Purchase Order and a Retail Installment Contract for the Vehicle prepared for plaintiff's review and acceptance. The Retail Installment Contract described the terms of the sale and financing as had been agreed to by the plaintiff and defendant. The purchase price was $10,407.77, the annual interest rate was 18.99%, the cash down payment was $2,000, the gross Trade-in allowance for a 2007 Chevrolet Silverado (the "Trade-in") was $17,834.22, and the Retail Installment Contract called for 48 payments of $287.81. These terms were acceptable to the plaintiff, who accepted the defendant's offer by signing the retail purchase order and signing the Retail Installment Contract.

14. The Retail Installment Contract described the plaintiff as the Buyer and described Lia Nissan as the Creditor – Seller, and pursuant to the terms of the Contract, Plaintiff was the legally entitled owner of the Vehicle.

15. At the time Plaintiff became committed to the transaction, Lia Nissan did not provide Plaintiff with the proper disclosures, as the Truth-In-Lending

4

**Disclosures on that contract were not marked as estimates, and the GAP insurance was not included as a finance charge.**

**16.    After plaintiff's acceptance of the Retail Installment Contract, the defendant became the creditor who extended credit to the plaintiff for the purchase of the Vehicle.**

**17.    Under the express terms of the Retail Installment Contract, the plaintiff provided the full consideration required under the Retail Installment Contract for the purchase of the Vehicle when he signed the Retail Installment Contract, paid the $2,000.00 deposit, gave Lia Nissan his Trade-in, and agreed to make the monthly payments to the defendant as recited in the Retail Installment Contract.**

**18.    The terms of the Retail Installment Contract were in no way conditioned on Lia Nissan being able to assign it to a financing entity.**

**19.    Lia Nissan accepted plaintiff's deposit, took possession of the Trade-in, and transferred the plates on the Trade-in to the Vehicle.**

**20.    Plaintiff accepted delivery of the Vehicle on the same day.**

**21.    It was plaintiff's belief that his credit application had been approved and extended credit for the Vehicle at the time he accepted possession of the Vehicle, because Lia Nissan had told Plaintiff that he had been approved for financing on the Vehicle.**

**22.    The Retail Installment Contract by which the plaintiff financed the purchase of the Vehicle from the defendant called for the first monthly payment to be made on August 14, 2010.**

23. Lia Nissan subsequently decided to terminate the credit it had extended to Plaintiff under the Contract.

24. Lia Nissan contacted Plaintiff and told him that he was required to return the Vehicle, notwithstanding that Plaintiff was not in breach of the Contract and was ready, willing, and able to make his monthly payments to Defendant, and it returned the trade-in vehicle to him in damaged condition.

25. Plaintiff, believing that he was legally required to do so, returned the Vehicle to Lia Nissan, and Lia Nissan retook possession of the Vehicle.

26. Lia Nissan did not send Plaintiff a notice regarding the reasons it had terminated the credit it had extended to Plaintiff, and it did not send Plaintiff any notices regarding the repossession of the Vehicle.

## V. COUNT ONE
### VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

27. Plaintiff incorporates Paragraphs 1- 26.

28. Lia Nissan extended credit to Plaintiff by entering into a retail installment sales contract with him for the purchase of the Vehicle. It subsequently revoked that credit by requiring that he return the Vehicle and by refusing to accept payments by Plaintiff under the contract.

29. In revoking the credit which had been previously granted as evidenced by the Retail Installment Contract, Lia Nissan took adverse action against the Plaintiff as defined in 15 U.S.C. §1691(d)(6) of the Equal Credit Opportunity Act.

30. In violation of 15 U.S.C. §1691(d)(1) and (2) of the Equal Opportunity Act, Lia Nissan failed to provide the plaintiff with the written notification as to the

reasons for the adverse action and failed to provide the plaintiff with written notification of (a) the plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such statement may be obtained.

31. As a proximate result of Lia Nissan's violations of the Equal Opportunity Act, the plaintiff suffered embarrassment, humiliation, mental distress and inconvenience. Lia Nissan is liable therefore, pursuant to 15 U.S.C. §1691e(a).

32. The acts complained of herein were done by Lia Nissan intentionally, purposefully and/or in reckless disregard of the rights of the plaintiff.

33. Lia Nissan also is liable to the plaintiff for statutory punitive damages in an amount not greater than $10,000.00 pursuant to 15 U.S.C. §1691e(b).

34. Lia Nissan also is liable to the plaintiff for reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. §1691e(d).

### VI. <u>COUNT TWO</u>
### TRUTH IN LENDING ACT

35. Plaintiff incorporates Paragraphs 1-26.

36. Lia Nissan failed to provide Plaintiff with the required proper disclosures prior to the time that he became committed to the transaction.

37. Specifically, Lia Nissan violated the Truth in Lending Act by failing to mark the disclosure of the annual percentage rates as an estimate and by failing

to list the GAP insurance, which it required as a condition of the extension of credit, as a finance charge.

38.　Lia Nissan is liable to Plaintiff for his actual damages pursuant to 15 U.S.C. § 1640(a)(1), plus statutory damages of $5,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

## VII. COUNT THREE
## UCC ARTICLE 9 VIOLATIONS

39.　Plaintiff incorporates Paragraphs 1-26.

40.　A valid and enforceable contract for the vehicle existed between Plaintiff and Lia Nissan pursuant to which Plaintiff was entitled to continued possession and ownership of the Vehicle for as long as he made his payments and was not otherwise in breach of any of the conditions of the contract.

41.　Lia Nissan retook possession of the Vehicle even though Plaintiff was not in default on his payment obligation.  I doing so, Lia Nissan committed a repossession of his Vehicle in violation of Conn. Gen. Stat. § 42a-9-609.

42.　Lia Nissan has subsequently disposed of the Vehicle or has converted it to its own use.

43.　 Lia Nissan failed to send Plaintiff the notices required by Conn. Gen. Stat. §§ 42a-9-611 and 42a-9-614.

44.　Pursuant to Conn. Gen. Stat. § 42a-9-625, Lia Nissan is liable to Plaintiff for an amount equal to the credit service charge of $4,263.11 plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Contract, which amount equals $955.17 (10% x $9,551.77) for a total amount of $5,218.28.

45.     The actions of Lia Nissan have caused Plaintiff damages in that he has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Nissan's duly authorized employees.

## VIII. COUNT FOUR
## RETAIL INSTALLMENT SALES FINANCING ACT

46.     Plaintiff incorporates Paragraphs 1-26.

47.     A valid and enforceable contract for the vehicle existed between Plaintiff and Lia Nissan pursuant to which Plaintiff was entitled to continued possession and ownership of the Vehicle for as long as he made his payments and was not otherwise in breach of any of the conditions of the contract.

48.     In making Plaintiff return possession of the Vehicle to Lia Nissan when it had no legal right to do so, Lia Nissan committed a repossession of his Vehicle in violation of C.G.S. § 36a-785(a).

49.     Lia Nissan failed to provide any pre-repossession notice to Plaintiff as described in C.G.S. § 36a-785(b) and subsequently failed to provide the post repossession notice to Plaintiff as required by C.G.S. § 36a-785(c) when no pre-repossession notice is sent.

50.     Additionally, Lia Nissan's TILA violations constituted violations of RISFA pursuant to Conn. Gen. Stat. § 36a-771(b).

51.     The actions of Lia Nissan have caused Plaintiff damages in that he has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Nissan's duly authorized employees.

52.     As a result of Lia Nissan's violation of RISFA, pursuant to C.G.S. § 36a-785(i), the plaintiff is entitled to his actual damages, and in no event less than

9

one-fourth of the sum of all payments which have been made under the Retail Installment Contract.

## IX. COUNT FIVE
### CONNECTICUT UNFAIR TRADE PRACTICES ACT

53. Plaintiff incorporates Paragraphs 1-47.

54. The actions of Lia Nissan, in accepting a $2,000 downpayment from Plaintiff and Plaintiff's Trade-In, representing to Plaintiff that he had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Nissan acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, and preparing for Plaintiff's signature a Retail Installment Contract that did not contain the disclosures required by TILA; then, upon Plaintiff's acceptance of this offer, telling Plaintiff that he had been approved for financing and delivering possession of the Vehicle to Plaintiff, only to later contact Plaintiff and him that credit extended under the contract had been terminated, and then wrongfully repossessing Plaintiff's Vehicle without providing him the necessary notices required by RISFA and ECOA and returning to him his Trade-In in a damaged condition, constituted an unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that these actions were immoral, unethical, oppressive and unscrupulous.

55. The actions of Lia Nissan, in accepting a $2,000 downpayment from Plaintiff and Plaintiff's Trade-In, representing to Plaintiff that he had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Nissan acting as creditor with no valid condition subsequent or

precedent regarding the defendant being able to assign the financing agreement to a third party, and preparing for Plaintiff's signature a Retail Installment Contract that did not contain the disclosures required by TILA; then, upon Plaintiff's acceptance of this offer, telling Plaintiff that he had been approved for financing and delivering possession of the Vehicle to Plaintiff, only to later contact Plaintiff and tell him that the credit that had been extended under the Contract had been terminated, and then wrongfully repossessing Plaintiff's Vehicle without providing him the necessary notices required by RISFA and ECOA, and returning to him his Trade-In in a damaged condition, constituted an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that the actions of Lia Nissan's employees for which Lia Nissan is liable offend public policy as it has been established by common law in that the actions of Lia Nissan either:

   a. constituted fraudulent misrepresentation in that Lia Nissan, by its duly authorized agent and employee, made a false representation as to the approval of Plaintiff's financing for the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Lia Nissan's agent and employee who was acting within the scope of the employee's authority and employment when the employee made the representation, and it was made to induce Plaintiff to act upon it and the Plaintiff did act upon that false representation to Plaintiff's injury, or,

11

b. constituted negligent misrepresentation in that Lia Nissan's duly authorized agent and employee, while acting within the scope of the employee's authority as agent and employee for Lia Nissan, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the approval of Plaintiff's financing and thereby supplied false information, and caused Plaintiff, by his justifiable reliance upon this information, to suffer pecuniary loss.

56. The actions of Lia Nissan, as described above, have caused the Plaintiff to suffer an ascertainable loss. Plaintiff has also suffered emotional distress, aggravation, and embarrassment because of Lia Nissan's actions.

### X. COUNT SIX
### BREACH OF CONTRACT

57. Plaintiff incorporates Paragraphs 1-26.

58. A valid and enforceable contract for the vehicle existed between Plaintiff and Lia Nissan pursuant to which Plaintiff was entitled to continued possession and ownership of the Vehicle for as long as he made his payments and was not otherwise in breach of any of the conditions of the contract.

59. Lia Nissan breached the contract created pursuant to the Retail Installment Contract by failing to honor the retail installment sales contract.

### XI. COUNT SEVEN
### CIVIL THEFT

60. Plaintiff incorporates Paragraphs 1 –26.

61. A valid and enforceable contract for the vehicle existed between Plaintiff and Lia Nissan pursuant to which Plaintiff was entitled to continued possession and ownership of the Vehicle for as long as he made his payments and was not otherwise in breach of any of the conditions of the contract.

62. In taking Plaintiff's Vehicle when it had no legal right to do so, Lia Nissan wrongfully took Plaintiff's Vehicle from its owner with the intent to deprive him of his Vehicle.

63. By Lia Nissan's actions as described in the previous paragraph, Lia Nissan violated Conn. Gen. Stat. § 52-564.

## XII. COUNT EIGHT
## CONVERSION

64. Plaintiff incorporates Paragraphs 1 –26.

65. A valid and enforceable contract for the vehicle existed between Plaintiff and Lia Nissan pursuant to which Plaintiff was entitled to continued possession and ownership of the Vehicle for as long as he made his payments and was not otherwise in breach of any of the conditions of the contract.

66. In taking Plaintiff's Vehicle when it had no legal right to do so, Lia Nissan wrongfully took Plaintiff's Vehicle from its owner.

67. By Lia Nissan's actions as described in the previous paragraph, Lia Nissan committed common law conversion.

68. The actions of Lia Nissan have caused Plaintiff damages in that he has lost the use and full value of the Vehicle.

69. Plaintiff also suffered emotional distress, aggravation, and embarrassment because of Lia Nissan's actions.

## XIII. COUNT NINE
## NEGLIGENT MISREPRESENTATION

70. Plaintiff incorporates Paragraphs 1-26.

71. The actions of Lia Nissan, acting through its duly authorized employees for whose actions it is liable, in accepting a $2,000 downpayment from Plaintiff and Plaintiff's Trade-In, representing to Plaintiff that he had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Nissan acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, and preparing for Plaintiff's signature a Retail Installment Contract; then, upon Plaintiff's acceptance of this offer, telling Plaintiff that he had been approved for financing and delivering possession of the Vehicle to Plaintiff, only to later contact Plaintiff that the credit that had been extended under the Contract had been terminated, and then wrongfully repossessing the Vehicle, constituted a negligent misrepresentation in that the defendant's agents and employees, while acting within the scope of their authority as agents and employees for Lia Nissan, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of Plaintiff's Vehicle and thereby supplied false information for the guidance of Plaintiff in purchasing the Vehicle, and caused Plaintiff, by his justifiable reliance upon this information, to suffer pecuniary loss.

72. The actions of Lia Nissan have caused Plaintiff damages in that he has lost the full use of the Vehicle and has suffered emotional distress,

aggravation and embarrassment as a result of the conduct of Lia Nissan's duly authorized employees.

### XIV. COUNT TEN
### FRAUDULENT MISREPRESENTATION

73. Plaintiff incorporates Paragraphs 1-26.

74. The actions of Lia Nissan, acting through its duly authorized employees for whose actions it is liable, in accepting a $2,000 downpayment from Plaintiff and Plaintiff's Trade-In, representing to Plaintiff that he had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Nissan acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, and preparing for Plaintiff's signature a Retail Installment Contract; then, upon Plaintiff's acceptance of this offer, telling Plaintiff that he had been approved for financing and delivering possession of the Vehicle to Plaintiff, only to later contact Plaintiff and tell him that the credit that had been extended under the Contract had been terminated, and then wrongfully repossessing the Vehicle, constituted fraudulent representation, in that Lia Nissan, by its duly authorized agents and employees, made a false representation as to the financing approval of the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Lia Nissan's agents and employees who were acting within the scope of its authority and employment when they made the representation, and they were made to induce

**Plaintiff to act upon them, and Plaintiff did act upon the false representations to Plaintiff's injury.**

**75.    The actions of Lia Nissan have caused Plaintiff damages in that he has lost the full use of the Vehicle and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Nissan's duly authorized employees.**

**Wherefore, Plaintiff claims, Actual money damages pursuant to 15 U.S.C. §1691e(a), punitive damages of $10,000 pursuant to 15 U.S.C. §1691e(b), and attorney's fees and costs of this action pursuant to 15 U.S.C. §1691e(d); actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $5,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); pursuant to C.G.S. §42a-9-625, Lia Nissan is liable to the plaintiff for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Contract, money damages, and a reasonable attorney's fees pursuant to C.G.S. § 42-150bb; actual damages and in no event less than one fourth of the sum of all payments which have been made under the Retail Installment Contract, as provided in C.G.S. § 36a-785(i); statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); treble damages pursuant to C.G.S. § 52-564; an order from the Court ordering Lia Nissan to cease and desist from engaging in unfair and deceptive trade practices; such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Lia Nissan.**

**PLAINTIFF DEMANDS TRIAL BY JURY**

                **PLAINTIFF, MICHAEL ADAMS**

        **By: /s/ Daniel S. Blinn**
           Daniel S. Blinn, ct02188
           Matthew W. Graeber, ct27545
           Consumer Law Group, LLC
           35 Cold Spring Rd. Suite 512
           Rocky Hill, CT  06067
           Tel. (860) 571-0408
           Fax. (860) 571-7457
           dblinn@consumerlawgroup.com
           mwgraeber@consumerlawgroup.com

**CERTIFICATION**

I hereby certify that on this 25th day of February, 2011, a copy of the foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

         /s/ Daniel S. Blinn
         Daniel S. Blinn